### No. 12,676.

#### CLARA YOUNG ET ALS. vs. C. T. CADE, SHERIFF, ET ALS.

When parties to a litigation have agreed among themselves as well as by order of court that the credit portions of the purchase price should be represented by notes of the purchaser secured by special mortgage and vendor's privilege on the property sold, the purchaser although one of the heirs in a partition suit can not refuse to comply with that portion of the bid.

Granting that an heir in a partition suit who becomes a purchaser at the partition sale could not be called upon to pay the cash price of the bid, that fact would not justify such purchaser in asking a title to the property purchased unless such purchaser executed simultaneously the notes called for by the conditions of the sale.

APPEAL from the Nineteenth Judicial District Court for the Parish of Iberia.  *Voorhies, J.*

---

*E. Simon* and *Foster & Broussard* for Plaintiffs, Appellants.

---

*W. J. Burke & Bro.* for Defendant, Appellee.

---

Submitted on briefs December 27, 1897.
Opinion handed down January 10, 1898.

---

Plaintiff alleged that the sheriff of the parish of Iberia, in the suit entitled Jasper Gall *et al.* vs. Amelia Gall *et al.*, on the docket of the District Court for Iberia parish, in execution of a judgment rendered in said suit of partition adjudicated to her at public sale on November 7, 1896, certain property, which she described, being a

portion of that ordered to be sold for partition; that out of the proceeds of said sale made that day of the entire property disposed of to divers parties, an amount of ―― dollars was to be paid over to petitioner, one of the parties to said suit, as her share thereof.

That said sheriff held said proceeds in his hands to be distributed among the parties to said suit by said sheriff by virtue of said judgment and a written agreement between said parties to said suit, which provided that said fund should not be turned over to the notary public appointed by the court in said judgment; that said sheriff had sufficient funds in his hands to be applied to the payment of the money due on her bid for said property, and that at divers times the sheriff was called upon and positively requested by petitioner to make out and deliver to her a title deed, which he was bound to execute and deliver to her under the circumstances above mentioned; that he had constantly refused and continued to refuse to do so without any lawful excuse for so doing; that she caused to be tendered the amount, and offered to comply with the terms of the purchase price.

That she was, therefore, compelled to pray to have issued by the court a rule to be served on the sheriff to show cause why he should not execute in favor of petitioner a title deed of the property adjudicated to her, and that she prayed accordingly.

The sheriff answered, pleading first the general issue. He then averred that in the suit referred to in plaintiff's petition the judgment therein ordered the sale of the property to be partitioned to be made by a public auctioneer, but that subsequently and inexecution thereof the parties to this suit entered into a written agreement whereby the sheriff was authorized to sell the said property at public sale, acting as agent of all parties in interest—observing in other respects save as he would thereafter mention the terms of the judgment rendered in the suit. That to that extent he was made their private agent for the sale of their lands under the terms and conditions as set forth in the advertisement under which the sale took place; that the agreement referred to was a record in the clerk's office, but that it had been lost or mislaid. That the property referred to in the rule was adjudicated by him to Mrs. Clara Young, but that she failed to comply with her bid, nor had she ever made a legal tender of the amount due by her.

He averred that whatever proceeds he received from the sale

of the property on that day he transferred according to the terms of the judgment (which he was under the power of attorney given him directed to observe) to the notary who was directed by the court to make such partition as was to be made between the parties in interest, and that he had no right to make a partition between those parties, and had no fund wherewith to pay the amount due by Mrs. Clara Young; that the suit in which he was appointed an agent to make sale was one of partition between Jasper Gall, the surviving husband in community, and the heirs of his deceased wife; that said Jasper Gall was insolvent, and that many oppositions were filed claiming to be paid out of the proceeds of the sale the share coming to him for a variety of claims far in excess of any amount which may have come to him through these sales, and that plaintiff did not offer to pay defendant the proportion of the amount of her bid, or indeed any other amount to respondent.

That subsequent to the sale, under a writ of *fieri facias*, the suit entitled John Bussey vs. Jasper Gall *et al.*, on the docket of the Iberia court, respondent had, under order of that court, seized and sold this property to Frank B. Williams and William Kyle, who, having complied with the terms of their bid at said sale, had had a deed of sale given to them, and that respondent was without right or authority in any manner to comply with the demand of the plaintiff in rule. That plaintiff had repeatedly recognized that Dulaney, notary public, was the party appointed by the court in the partition proceedings under which she claimed title to conduct the partition proceedings between the heirs, and that she had recognized his custody of all the funds which she alleged in her rule to be in respondent's hands, and that she was estopped in the proceedings, as would appear on trial.

The District Court discharged the rule, reserving plaintiff's right to be exercised hereafter as best she might.

The court stated that the property for which plaintiff sought to have the sheriff execute to her a deed had been adjudicated and delivered *to one Williams* on the 17th of April, 1897 (after the date of the partition sale), who held it under a recorded title; that any decree that the court would render ordering the sheriff to execute a deed to plaintiff would in nowise affect the title of Williams to that property, inasmuch as the sheriff colud not place her in possession without ousting Williams; that to give a deed to

the plaintiff would be vain and leave matters as undecided as ever; that there would still be a clashing of proprietary rights between Mrs. Young and Williams—a question of title to an immovable not to be finally adjudicated upon by rule, but by an ordinary action. That the adjudication of the sheriff at a judicial sale was in itself title and the act of sale added nothing to its force, and being merely intended to offer proof of it (C. P. 695). That there was no question that one heir purchasing property at a succession or partition sale was not obliged to pay the purchase price until a liquidation be had to ascertain the share coming to him (C. C. 1343, 2625), but that the court expressed no opinion as to the obligation of the heir to furnish her notes for the purchase price, which are subsequently extinguished *pro tanto* by the share coming to the purchaser when ascertained by the final liquidation. That no steps had been taken by the plaintiff to compel the sheriff either to correct his *proces verbal* of sale of November 6, 1896, or to complete his adjudication with a deed or act of sale immediately after that sale. That no legal proceedings were instituted by her to prevent the sale of that property to Williams by the sheriff on the 17th of April, 1897, after the same property now claimed had been seized anew and sold by order of court in execution of a judgment of Bussey vs. Jasper Gall, the only step taken by plaintiff being to protest against the sale on the 17th of April, on which day the property was transferred and delivered to Williams.

Plaintiff appealed.

---

The opinion of the court was delivered by

NICHOLLS, C. J. The evidence showed that in a partition suit between J. Gall and the heirs of his deceased wife certain property was ordered by the District Court for Iberia parish on the second day of October, 1896, to be sold for the purpose of effecting a settlement between them.

The property went to sale on the 7th of November, 1896, under an advertisement, which declared the terms and conditions to be " the interest of *J. Gall* in each tract would be sold for cash—the interest of *Sylvanus Gall* in each tract would be sold for cash. The interests of the other heirs would be sold one-third cash and the balance in one and two years; the credits represented by notes, bearing eight per cent. interest, secured by special mortgage and vendor's lien on

the property sold, with ten per cent. attorney's fees in case of suit."

The sheriff upon a day not stated therein made out a *proces verbal* of the sale of the properties, which was recorded in the Conveyance Book of the parish of Iberia, from which it appears that the property advertised was adjudicated to *Williams and Kyle*, Jacob Davies, J. E. Leitmeyer and Mrs. Clara Young, plaintiff, and that the three former complied with their bid by paying cash and furnishing notes with mortgage as required by the terms and conditions, and that in consequence the sheriff transferred to these purchasers the title to the properties bought by them.

The *proces verbal* recites the fact that the two properties, a title to which plaintiff claims in these proceedings, had been adjudicated to the plaintiff, but this recital is accompanied by the statement that "Lots *15 and 18*, adjudicated to *Mrs. Clara Young*, are not included herein, as she has failed to pay the amount bid by her."

The adjudication to "*Leitmeyer*" is referred to as *lot No. 14*, and in reference to the same it is recited that "*lot No. 14*, adjudicated to J. E. Leitmeyer, was not included in the transfer, he having enjoined the payment of its purchase price, pending action of the District Court, on his third opposition."

At the foot of the *proces verbal* is found a *P. S.* to the following effect:

"It is agreed and accepted by all parties concerned, that the purchasers pay the entire amount of the purchase price, and in accordance with said agreement, F. B. Williams and William Kyle, paid the sum of ten thousand and seventy dollars, and J. Davis paid eleven hundred and fifty dollars by check on the New Iberia National Bank at sight, signed F. J. Mestayer, *Deputy* Sheriff."

Prior to the sale of the 7th of November, 1893, a large number of persons intervened in the partition proceedings by third opposition, praying that the court direct the sheriff to hold in his hands the amounts of their respective claims—these oppositions were principally directed against the interests of Jasper Gall and Sylvanus Gall, but one was directed against the interest of Mrs. Young, plaintiff.

The opposition of Leitmeyer claimed a priority of payment to the extent of his demand ever all parties in interest.

It was under these circumstances that the sheriff declined in his *proces verbal* to transfer to Mrs. Young the properties adjudicated to her as he had those adjudicated to Williams and Kyle.

On the 17th of April, 1897, the interests of Jasper Gall and Sylvanus Gall in the two lots which were adjudicated to Mrs. Young, under the circumstances stated, were sold to F. B. Williams under a seizure made thereof in the suit of Bussey vs. Gall *et al.;* Williams complied with his bid and a title was made to him under the adjudication to him.

On the trial of the rule the husband of the plaintiff was placed upon the stand as a witness for her. In his testimony he stated that he had as her agent bid upon the property claimed by her the sum of two thousand and thirty dollars; that it was adjudicated to his wife; that after the sale he had requested the sheriff several times to make a title to his wife, which he refused to do. That he finally demanded it of him; that when he made such demand he told the sheriff he was ready to pay him the balance of the price after crediting the purchaser with the amount of money in his hands for Mrs. Young; that he told him he was ready to settle with him in presence of Mr. Cammack when he called for that purpose. That the sheriff told him he would let him know later; that later he declined to give the title without assigning any reason; that when he made the demand he told the sheriff that under an agreement signed by all parties he had been given full power to make the sale, make title and settle with each heir their respective portions.

On cross-examination he stated that he did not make any offer to pay the sheriff any specific sum of money; that he did not do so from the fact that he did not know the amount the property would get credit for; that he wanted the sheriff to credit the property with the amount he had in his hands and that then he was ready to pay him the balance; that that was what he told him; that he took to him no sum of money whatever and made no tender of any. He did not do so from the fact that he did not know what particular amount it would be; that he knew about what it would be, and after the sheriff would have told witness what it was, he was ready to pay the balance.

The only question we have to deal with is whether plaintiff had the legal right to exact of the sheriff, who made the sales of the 7th of November, 1896, a title deed to the property adjudicated to her under the circumstances of this particular case.

We do not find the sheriff to have been either charged with the duty of making a partition between Jasper Gall and the heirs of his

wife or authorized to do so. If the husband of the plaintiff, one of the parties in interest, did not know what amount his wife was called upon to pay in order to obtain a title (granting that under the circumstances of this case the sheriff could have claimed anything less of her than a compliance with her bid)—he certainly could not expect the sheriff to be informed upon that subject. We are not called on to discuss generally the extent of the rights which can be exercised by heirs under the privilege granted them under Arts. 1343 and 2625 of the Civil Code. The parties to this litigation had by express agreement among themselves as well as by order of court declared that the credit portions of the purchase price should be represented by notes of the purchaser secured by special mortgage and vendor's privilege on the property purchased. We see no ground upon which plaintiff's wife could have refused to have complied with that portion, at least, of the bid. The heirs respectively had the right to protect themselves from litigation which might possibly arise from having a title acquired by any one of the heirs through the sale, spread upon the records without the act of sale declaring on its face that the price was secured by special mortgage and vendor's privilege and the sheriff as an officer could not waive the rights of any of these parties.

Plaintiff was not forced to an immediate payment of her bid. Through these notes she would have obtained the full time which the parties agreed purchasers should have. Granting it to be true that plaintiff as an heir was not called upon to pay the cash portion of her bid, that fact would not justify her in asking a title unless she should simultaneously execute the notes called for by the conditions of sale.

We have so far considered the situation as one purely between the heirs themselves; that is independently of the fact that numerous third oppositions were filed in this proceeding requiring the sheriff to hold in his hands the amounts named. The legal complications which would arise from sustaining pretensions such as are advanced by the plaintiff in this case, and the danger which the sheriff would run by departing from orders of court which he was bound to obey, so manifestly show the correctness of that officer's refusal to make to the plaintiff the title she claims under the circumstances shown, that we do not think it necessary to discuss the subject at length.

It is possible that the situation may be such as that plaintiff will

ultimately obtain the benefit of her bid upon the property in contro- versy under her bid, but that is a matter not before us as matters stand and with the parties before us.

The judgment of the District Court is affirmed.